■ JUNE NEMET, Appellant, v THOMAS NEMET, Respondent. —In a matrimonial action, plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 4, 1985, as disqualified her attorney and his law firm from any further representation of her in this action.

Order affirmed insofar as appealed from, without costs or disbursements.

Bernard E. Stamler, an attorney, was previously employed

by defendant husband's counsel, Koopersmith, Feigenbaum & Potruch, and had worked directly on defendant's case in preparing answers to interrogatories. Subsequently, Mr. Stamler entered into an "of counsel" arrangement with plaintiff wife's present attorney, Joel Brandes, which did not involve the instant case. As part of their arrangement, Mr. Stamler was given office space in Mr. Brandes' suite for the performance of certain services. Defendant moved to disqualify plaintiff's attorney, which motion was granted. On appeal, plaintiff argues that the appearance of impropriety should be balanced against the prejudice to plaintiff in that she has no money to retain new counsel, that no confidential information was exchanged between the attorneys, and that the "of counsel" relationship is distinct from that of an employee or associate relationship. We affirm.

In general, in order to disqualify a party's attorney, there need not be direct evidence of breach of a confidential relationship (*People v Shinkle,* 51 NY2d 417; *Cardinale v Golinello,* 43 NY2d 288), as the issue is not the "actual or probable betrayal of confidences, but the mere appearance of impropriety and conflict of interest" (*Matter of Hof,* 102 AD2d 591, 595). This "appearance of impropriety" is evident in the "of counsel" arrangement between these attorneys. The principle of attribution will be invoked to disqualify the Brandes firm as well as Mr. Stamler (*Cardinale v Golinello, supra*).

Plaintiff's argument that she is indigent and will not be able to obtain new counsel is unpersuasive. She has been able to retain three firms including the Brandes firm, and should not have difficulty in retaining a fourth. Although Mr. Brandes is the attorney of plaintiff's choosing, she has not demonstrated that her interest outweighs the risk to defendant of being opposed by an attorney who might have had access to his confidences (*Cardinale v Golinello, supra; Greene v Greene,* 47 NY2d 447 [Judge Jones, concurring]). For the above reasons the order of Special Term is affirmed insofar as appealed from. Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.