■ SAUL LIPTON, Respondent-Appellant, v SANDRA LIPTON, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Nassau County (Galfunt, J.H.O.), dated May 20, 1987, which, inter alia, (a) failed to award her maintenance, (b) awarded her a 50% distributive share of the plaintiff's dental practice with the valuation date being the date of the com-

mencement of the divorce action, (c) failed to award a distributive share of a premises located on Roundhill Road, in Roslyn, (d) directed the defendant to pay one half of the moneys borrowed or advanced by the plaintiff husband at her request for the education of the children of the marriage; (2) so much of a judgment of the same court (Burke, J.), dated July 9, 1987, as incorporated the provisions of the order of Judicial Hearing Officer Galfunt dated May 20, 1987, which she has appealed from, and the plaintiff husband cross-appeals, as limited by his brief, from stated portions of the same judgment, which, *inter alia,* incorporated those provisions of the order as awarded the defendant (a) 50% of the plaintiff's dental practice, (b) $6,000 as a distributive share of the "Fourth Avenue Property", (c) directed that the sterling silver service set held by the parties be sold and the proceeds divided equally between the parties, (d) directed the plaintiff to pay the defendant's attorney counsel fees in the amount of $15,000, and (e) directed the plaintiff to pay expenses relating to the undergraduate college expenses of the children of the marriage.

Ordered that the case is remitted to the Supreme Court, Nassau County, for a hearing before a Justice to be held within 60 days of the date of this decision and order to determine whether the plaintiff's attorney should have been disqualified owing to a conflict of interest, and the appeal and cross appeal are held in abeyance in the interim; the Supreme Court, Nassau County, shall file its report with all convenient speed.

At the time of the divorce trial, which was held upon the consent of the parties before a Judicial Hearing Officer, the defendant wife and her former attorney were involved in a fee dispute which resulted in the former attorney's retention of the defendant's file during most of the trial proceedings. In the midst of the trial, the defendant learned that her former attorney and the plaintiff husband's attorney were involved in negotiations concerning the formation of a partnership. She so advised the Judicial Hearing Officer, who, after a brief sidebar, accepted the plaintiff counsel's statement that although he and the defendant's former counsel were, in fact, involved in such negotiations, no confidences relating to the defendant's case had been discussed.

We find that under the circumstances of this case the Judicial Hearing Officer erred in failing to hold a full evidentiary hearing in order to determine whether the plaintiff's attorney should have been disqualified on conflict of interest

grounds *(see, Poli v Gara,* 117 AD2d 786). Accordingly we order that an evidentiary hearing be held before a Justice of the Supreme Court, Nassau County, within 60 days of the date of this decision and order and direct that the court file a report with all convenient speed. The appeal and cross appeal shall be held in abeyance in the interim. Mangano, J. P., Bracken, Brown and Weinstein, JJ., concur.