■ DONNA SHELTON, Respondent, v RAYMOND SHELTON, Appellant. DOUGLAS R. ROTHKOPF, Nonparty Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated March 1, 1988, which denied his motion, *inter alia,* (1) for a new trial on the issue of custody of the parties' child, (2) to disqualify the plaintiff wife's counsel, and (3) to direct his former counsel to return legal fees and vacate two confessions of judgment executed by the husband in favor of his former attorney.

Ordered that the order is affirmed, with one bill of costs.

Following a lengthy trial, the court awarded custody of the parties' son to the wife. The husband discharged his attorney Douglas Rothkopf and brought the instant motion to disqualify the wife's attorney Elliot D. Samuelson and for a new trial on the issue of custody. The husband contended that he had discovered after the trial that Rothkopf was "of counsel" to Samuelson's law firm and that such a relationship created the appearance of impropriety and a conflict of interest *(see generally, Cardinale v Golinello,* 43 NY2d 288; *Nemet v Nemet,* 112 AD2d 359; Code of Professional Responsibility Canons 5, 9).

The trial court denied the motion and characterized the husband's contentions as the unsubstantiated accusations of a disappointed litigant. We agree that the evidence presented by the husband was insufficient to create an issue of fact which would necessitate a hearing on the motion *(cf., Lipton v Lipton,* 142 AD2d 630; *Poli v Gara,* 117 AD2d 786). In affidavits submitted in opposition to the motion, Rothkopf and Samuelson stated that Rothkopf's "of counsel" relationship with Samuelson's law firm had ended at least three years prior to their representation of the parties in this litigation. Furthermore, the fact that Rothkopf sublets office space from Samuelson's firm, standing alone, does not establish the existence of a conflict of interest. The trial court specifically noted in its decision that it had not discerned any lack of vigor in Rothkopf's representation of the husband.

That branch of the husband's motion which was for a return of legal fees paid to Rothkopf and a vacatur of confessions of judgment as to fees owed was properly denied. Although an attorney who engages in misconduct by violating the Disciplinary Rules is not entitled to legal fees for any services rendered *(see, Brill v Friends World Coll.,* 133 AD2d

729), no such misconduct was established here. We decline to reach the issue of the validity of the retainer agreement, which is raised for the first time on appeal. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.