■ CATHERINE COURTNEY et al., Respondents, v DONALD S. EDELSCHICK, Appellant, et al., Defendant.—In an action to recover damages for medical malpractice, etc., the defendant Donald S. Edelschick appeals from an order of the Supreme Court, Rockland County (Kelly, J.), entered May 18, 1988,

which denied his motion to compel Anthony J. Rella, a nonparty witness, to answer certain questions propounded at an examination before trial, and to disqualify Anthony J. Rella and the law firm of Rosner & Goodman as attorneys for the plaintiffs.

Ordered that the appeal from so much of the order as denied that branch of the defendant Edelschick's motion which was to compel Anthony J. Rella, a nonparty witness, to answer questions propounded at an examination before trial is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and that branch of the defendant Edelschick's motion which was to disqualify Anthony J. Rella and the law firm of Rosner & Goodman as attorneys for the plaintiffs is granted, Anthony J. Rella and the law firm of Rosner & Goodman are disqualified from representing the plaintiffs, and no further proceedings shall be taken against them, without leave of the court, until the expiration of 30 days after service upon the plaintiffs personally of a copy of this decision and order, which shall constitute notice to appoint another attorney under CPLR 321 (c); and it is further,

Ordered that the appellant is awarded one bill of costs.

No appeal as of right lies from so much of the order as denied that branch of the defendant Edelschick's motion which was to compel Anthony J. Rella, a nonparty witness, to answer questions propounded at an examination before trial, and we decline to grant the necessary permission (see, Sainz v New York City Health & Hosps. Corp., 106 AD2d 500).

Anthony J. Rella is licensed to practice medicine and conducts an established practice in general and thoracic surgery. He is also licensed to practice law. In March 1986 Dr. Rella, in his medical capacity, examined the plaintiff's decedent James P. Courtney at Good Samaritan Hospital at the request of another physician who desired a surgical consultation. Dr. Rella thereafter performed a biopsy of a lump on Mr. Courtney's chest, reviewed the pathology report and saw Mr. Courtney in his medical office at least once following his discharge from the hospital.

Several weeks later, Mr. Courtney and his wife consulted Dr. Rella in his capacity as attorney and in April 1986 commenced this action against, inter alia, the defendant Edelschick (defendant), a physician who had previously provided care and treatment to Mr. Courtney. It is alleged that Dr. Edelschick negligently failed to diagnose lung cancer, the

existence of which was apparently confirmed upon the biopsy performed by Dr. Rella. The complaint is endorsed *(see,* CPLR 2101 [d]) with the name "Anthony J. Rella, Esq., c/o Rosner & Goodman". Dr. Rella formally has an "of counsel" relationship with that law firm. Although he declined to answer certain medical opinion and other questions, the propriety of which are not now before us *(see, Sainz v New York City Health & Hosps. Corp., supra),* Dr. Rella nonetheless appeared voluntarily for a deposition as a "fact" witness and was questioned as such. He also appeared thereat as attorney "by John Rosner, Esq.".

A lawyer is bound to exercise independent professional judgment on behalf of a client (Code of Professional Responsibility Canon 5). A lawyer is also bound to avoid even the appearance of impropriety (Code of Professional Responsibility Canon 9), and it is well established that the roles of advocate and witness are inconsistent *(see,* Code of Professional Responsibility EC 5-9). Where a lawyer puts him or herself in both roles simultaneously, the result is both unseemly and is an occasion for ineffectiveness in both capacities. In that regard, DR 5-101 (B) provides:

"A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

Arguing on behalf of the plaintiffs and Dr. Rella, Mr. Rosner asserts that the plaintiffs have no intention of calling Dr. Rella as a witness, that the defendant does not assert that he will call him and that, even if he were to do so, there is no demonstration as to how his testimony will be prejudicial to plaintiffs *(see,* Code of Professional Responsibility DR 5-102; *see also, S & S Hotel Ventures Ltd. Partnership v 777 S. H.*

*Corp.,* 69 NY2d 437). However, the peculiar circumstances of this case—including counsel's participation as a physician in the diagnosis of lung cancer—made it obvious from the inception that Dr. Rella "ought to be called as a witness" (Code of Professional Responsibility DR 5-101 [B]; *Hoerger v Board of Educ.,* 129 AD2d 659; *see also, Presser v Spiegel & Sons Oil Corp.,* 106 AD2d 560) or that, at the very least, his office records for which he must vouch would be introduced into evidence. Moreover, the plaintiffs through their present attorneys do not claim that any hardship would have arisen from a refusal by Dr. Rella to accept employment in this case and it does not appear that any of the other limited exceptions to DR 5-101 apply. While we are mindful that motions to disqualify counsel which are interposed by an adversary in ongoing litigation can often be nothing more than a strategic ploy *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra),* Dr. Rella's continued participation as counsel in this litigation is at best unseemly *(see,* Code of Professional Responsibility Canons 5, 9). Thus, Dr. Rella is disqualified from representing the plaintiffs. Moreover, the law firm is disqualified as well *(see, Nemet v Nemet,* 112 AD2d 359; *cf.,* Code of Professional Responsibility DR 5-101; *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra).* Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.