■ CITY OF POUGHKEEPSIE, Appellant, v W.R. GRACE & CO., Respondent, et al., Defendants.—

Herbert Stutman is a member of the law firm Stutman & Stutman, P. C. Stutman is also a consulting engineer who was hired by the plaintiff in connection with the removal of asbestos from the plaintiff's municipal building. In his capacity as an engineer, Stutman advised the plaintiff on the preferable course of action to take in dealing with the asbestos problem. He also contracted with the plaintiff to oversee the asbestos removal, for which he was to receive a percentage of the costs involved. Stutman oversaw the bidding on this project, reviewed the bids, and made recommendations to the plaintiff concerning recipients of the work.

Shortly after the asbestos removal began, and while he was still involved in overseeing the project, Stutman took on legal representation of the plaintiff in the present action to recoup the expenses incurred in removing the asbestos.

As the person who organized and administered the asbestos removal from the plaintiff's building, Stutman was clearly a potential witness in any action to recover the expenses involved. Code of Professional Responsibility DR 5-101 (B) clearly and unequivocally required that Stutman not accept representation of the plaintiff in this action *(see, Presser v Spiegel & Sons Oil Corp.,* 106 AD2d 560). The plaintiff's claim that an exception should be made under the facts of this case, due to alleged "substantial hardship" which will result from Stutman's disqualification, is unfounded. No showing has been made that any substantial hardship would have arisen from a refusal by Stutman to accept legal employment on this case (Code of Professional Responsibility DR 5-101 [B]). Furthermore, while we are mindful that motions to disqualify counsel which are interposed by an adversary in ongoing litigation can often be nothing more than a strategic ploy *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437), Stutman's continued participation as counsel in this litigation is at best unseemly *(see, Courtney v Edelshick,* 157 AD2d 818; Code of Professional Responsibility Canons 5, 9). The firm of Stutman & Stutman, P. C. is disqualified as well *(see, Nemet v Nemet,* 112 AD2d 359; Code of Professional Responsibility DR 5-101 [B]; *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra).* Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.