■ Anthony Alizio et al., Appellants, v Brandes & Stamler et al., Respondents. [641 NYS2d 67] —In an action to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Adams, J.), entered April 20, 1995, as awarded judgment on the defendants' counterclaim for legal services in favor of the defendants Brandes & Stamler and Joel R. Brandes and against the plaintiff Anthony Alizio for legal services rendered by Weidman & Spatz.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The defendants were retained by the plaintiffs to represent them in a matter involving the operation and management of a cooperative building in Queens. At some point thereafter, the defendant Joel R. Brandes enlisted the services of attorney Carol Weidman to perform some of the legal work on the matter because of her expertise in the area. After the plaintiffs defaulted on the defendants' counterclaim to recover money due for legal services rendered, an inquest was conducted at which Brandes testified as to the value of both the services he rendered and those Weidman rendered. The plaintiffs failed to

object to the admission of Brandes' testimony or to the admission of the time sheets compiled by Weidman on the specific ground that Weidman did not appear as a witness at the inquest. We thus decline to reach the issue now raised by the plaintiffs since it is being raised for the first time on appeal (*see, Shelton v Shelton,* 151 AD2d 659). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.