■ WALL STREET ASSOCIATES, Appellant, v EDWARD BRODSKY et al., Respondents. [642 NYS2d 318] —Order, Supreme Court,

New York County (Charles Ramos, J.), entered January 4, 1996, which granted defendant Reid & Priest's motion to disqualify plaintiff's attorney, unanimously affirmed, without costs.

The IAS Court properly granted, without an evidentiary hearing, defendant's timely motion to disqualify plaintiff's attorney from representing plaintiff in the instant malpractice action on the ground of conflict of interest. Defendant met its burden of establishing a substantial relationship between the issues in the instant malpractice litigation and the subject matter of the prior representation of defendant Reid & Priest in the collection action by plaintiff's present attorney, thus warranting disqualification (*see, Matter of Prudential Sec. v Wyser-Pratte*, 187 AD2d 306, 307). While the prior representation of defendant Reid & Priest in the collection action did not constitute a traditional attorney-client relationship, there existed sufficient aspects of such relationship to trigger inquiry into the potential conflict arising from plaintiff's attorney's role herein (*see, Glueck v Jonathan Logan, Inc.*, 653 F2d 746, 748-749). In addition, defendant Reid & Priest discussed with plaintiff's present attorney, in connection with the collection action, the subject of the fraudulent conveyances by the judgment debtors, which is the basis for the instant malpractice action, thereby creating the danger that confidences will be disclosed by plaintiff's attorney in this action. Further, since plaintiff's attorneys are likely to be key witnesses at the malpractice trial on the critical subject of damages and proximate cause, the advocate-witness rule provides an alternative basis for disqualification (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.