■ ROBERT EDELSON, Respondent, v POUGHKEEPSIE IRON & METAL CO., INC., Appellant. [691 NYS2d 323] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Dutchess County (Bernhard, J.), dated August 27, 1998, which denied its motion to disqualify Lewis & Greer, P. C., as counsel for the plaintiff.

Ordered that the order is affirmed, with costs.

"Under DR 5-108 (A) (1), a party seeking disqualification of its adversary's lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131; *Solow*

*v Grace & Co.,* 83 NY2d 303, 308). Satisfaction of all three criteria by the moving party gives rise to an irrebuttable presumption of disqualification (*Solow v Grace & Co., supra,* at 309).

In this case, the defendant failed to establish that the matters involved in both representations are substantially related and that the interests of the present client and former client are materially adverse. Therefore, the Supreme Court properly denied the defendant's motion to disqualify Lewis & Greer, P. C., as counsel for the plaintiff. S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.