■ NATIONWIDE ASSOCIATES, INC., Appellant, v TARGEE STREET INTERNAL MEDICINE GROUP, P.C., PROFIT SHARING TRUST et al., Respondents, et al., Defendants. (And Other Titles.) [758 NYS2d 108] —In five related actions which were joined for trial, inter alia, to recover damages for breach of contract, Nationwide Associates, Inc., appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 14, 2002, which granted the motion of Targee Street Internal Medicine Group, P.C., Profit Sharing Trust and Florentino Suarez to disqualify Jules Epstein as its counsel. Justice Goldstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The disqualification of an attorney is a matter that rests within the sound discretion of the court (*see Horn v Municipal Information Servs.,* 282 AD2d 712 [2001]). A party seeking disqualification of an adversary's lawyer under Code of Professional Responsibility DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1]) must prove "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substan-

tially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131 [1996]; *Solow v Grace & Co.,* 83 NY2d 303, 308 [1994]; *Edelson v Poughkeepsie Iron & Metal Co.,* 262 AD2d 445 [1999]).

The respondents Targee Street Internal Medicine Group, P.C., Profit Sharing Trust and Florentino Suarez moved to disqualify Jules Epstein from continuing to represent Nationwide Associates, Inc. (hereinafter Nationwide), in five related actions. The respondents established that they had a prior attorney-client relationship with Epstein in certain mortgage foreclosure actions, and there is no dispute that the interests of the respondents and Nationwide are adverse. Contrary to Nationwide's contention, the mortgage foreclosure actions in which Epstein formerly represented the respondents are substantially related to the matters involved in the current actions. Regardless of whether Epstein in fact obtained confidential information in connection with his former representation, the respondents are "entitled to freedom from apprehension and to certainty that [their] interests will not be prejudiced" due to Epstein's representation of Nationwide in the current actions (*Cardinale v Golinello,* 43 NY2d 288, 296 [1977]; *see Tekni-Plex, Inc. v Meyner & Landis, supra* at 131).

Accordingly, as the respondents met their burden of establishing all three factors, the Supreme Court providently exercised its discretion in granting their motion to disqualify Epstein (*see Tekni-Plex, Inc. v Meyner & Landis, supra; Anonymous v Anonymous,* 262 AD2d 216 [1999]).

Nationwide's remaining contention is without merit. Feuerstein, J.P., Goldstein, McGinity and H. Miller, JJ., concur.