■ COLUMBUS CONSTRUCTION COMPANY, INC., Respondent, v PETRILLO BUILDERS SUPPLY CORP., Appellant, et al., Defendants. [799 NYS2d 97]—

In an action, inter alia, to recover damages for breach of contract, the defendant Petrillo Builders Supply Corp. appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered December 23, 2004, which granted the plaintiff's motion to disqualify its counsel.

Ordered that the order is affirmed, with costs.

The disqualification of an attorney is a matter that rests within the sound discretion of the court (see Nationwide Assoc. v Targee St. Internal Med. Group, 303 AD2d 728 [2003]; Horn v Municipal Info. Servs., 282 AD2d 712 [2001]). A party seeking to disqualify an adversary's lawyer under Code of Professional Responsibility DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1]) must prove "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and [the] former client are materially adverse" (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]; see Solow v Grace & Co., 83 NY2d 303, 308 [1994]; Nationwide Assoc. v Targee St. Internal Med. Group, supra at 728-729).

The plaintiff moved to disqualify Crocco and DeMaio, P.C.,

from continuing to represent the defendant Petrillo Builders Supply Corp. (hereinafter Petrillo) in this action to recover damages for breach of contract. The plaintiff established that it had a prior attorney-client relationship with Crocco & DeMaio, P.C., and there is no dispute that the interests of the plaintiff and Petrillo are adverse. Further, the matters in which Crocco & DeMaio, P.C., formerly represented the plaintiff were substantially related to the matters involved in this action. Regardless of whether the firm in fact obtained and disseminated confidential information in connection with its former representation, the plaintiff is "entitled to freedom from apprehension and to certainty that [its] interests will not be prejudiced" due to the firm's representation of Petrillo in this action (*Cardinale v Golinello,* 43 NY2d 288, 296 [1977]; *see Nationwide Assoc. v Targee St. Internal Med. Group, supra*; *see also Sirianni v Tomlinson,* 133 AD2d 391 [1987]). Accordingly, as the plaintiff met its burden of establishing all three factors, the Supreme Court providently exercised its discretion in granting the motion to disqualify Crocco & DeMaio, P.C. (*see Tekni-Plex, Inc. v Meyner & Landis, supra* at 136; *Nationwide Assoc. v Targee St. Internal Med. Group, supra*).

Petrillo's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.