■ Mary S. Calandriello, Respondent, v Frank Calandriello, Appellant. (Action No. 1.) Mary S. Calandriello, Respondent, v Washington Mutual Bank, Defendant, and Frank Calandriello, Appellant. (Action No. 2.) [819 NYS2d 569]—

In an action for a divorce and ancillary relief and a related action, inter alia, to recover damages for fraud, which were joined for trial, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated May 23, 2005, as denied that branch of his motion which was to disqualify the law firm of Saltzman, Chetkof & Rosenberg, LLP, as counsel for the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The disqualification of an attorney is a matter that rests within the sound discretion of the court . . . A party seeking to disqualify an adversary's lawyer under Code of Professional Responsibility DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1]) must prove '(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and [the] former client are materially adverse' " (*Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d 383, 383 [2005] [citations omitted]).

The defendant husband argues that the first prong of the test for disqualification was satisfied because previously he was represented by Bernard Chetkof, the brother of a partner of Saltzman, Chetkof & Rosenberg, LLP, the law firm representing the wife in the current litigation, and Bernard Chetkof is listed as "of counsel" to that firm on its stationery. However, the record establishes that Bernard Chetkof was not associated with the law firm of Saltzman, Chetkof & Rosenberg, LLP, at the time he represented the husband, and has not done any work for either party in connection with the current litigation. Furthermore, Saltzman, Chetkof & Rosenberg, LLP, established that Bernard Chetkof, as "of counsel" to the firm, did not perform any legal work for the firm or its clients, but merely

452

had office space available to him in its New York office. Under the circumstances, the husband failed to show that there was a prior attorney-client relationship between himself and the law firm representing the wife which would subject him to the risk "of being opposed by an attorney who might have had access to his confidences" (*Nemet v Nemet,* 112 AD2d 359, 360 [1985]; *see Shelton v Shelton,* 151 AD2d 659 [1989]).

Moreover, the husband's conclusory assertions that Bernard Chetkof had "intimate knowledge" of his business, personal, and financial matters failed to satisfy his burden of proving that there was a substantial relationship between the prior representation by Bernard Chetkof, which involved the husband's buyout of his deceased partner's estate's interest in a business, and the present litigation between the husband and wife (*see Medical Capital Corp. v MRI Global Imaging, Inc.,* 27 AD3d 427 [2006]; *Bloom v St. Paul Travelers Cos., Inc.,* 24 AD3d 584 [2005]; *Messina v Messina,* 175 AD2d 866 [1991]; *Lucci v Lucci,* 150 AD2d 650 [1989]).

Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant husband's motion which was to disqualify the law firm of Saltzman, Chetkof & Rosenberg, LLP, as counsel for the plaintiff. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.