M.A.C. DUFF, INC., Doing Business as PACIFIC EAST RESTAURANT, et al., Respondents, v ASMAC, LLC, et al., Appellants, et al., Defendant. [878 NYS2d 748]—

In an action, inter alia, for a judgment declaring that the plaintiffs have an ownership interest in the defendant ASMAC, LLC, the defendants ASMAC, LLC, and Aram Sabet appeal, by permission, from an order of the Supreme Court, Suffolk County (Emerson, J.), dated December 28, 2007, which granted that

branch of the plaintiffs' oral motion which was to disqualify the firm of Moss & Kalish, PLLC, from the continued representation of the defendants ASMAC, LLC, and Aram Sabet.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Michael Castino, Jr. (hereinafter Castino Jr.), was in a partnership with the defendant Aram Sabet to run a restaurant called Pacific East. The two men decided to purchase the property where the restaurant was located (hereinafter the restaurant property). Both men signed a contract to purchase the restaurant property and then formed a corporation, ASMAC, LLC (hereinafter ASMAC), to which they assigned the contract. Since Castino Jr. had problems with his credit, his father, the plaintiff Michael Castino (hereinafter Castino Sr.), became a 50% shareholder in ASMAC, in his son's stead. Larry Lazar of the law firm Moss & Kalish, PLLC (hereinafter Moss & Kalish), represented Castino Jr. and Sabet in the purchase of the restaurant property and helped them form ASMAC.

Castino Jr. and Aram sought to get a mortgage for ASMAC to purchase the restaurant property, but could not obtain a full mortgage, and Sabet's father offered to finance the purchase. The appellants allege that Sabet's father would only finance the purchase on the condition that Sabet was the sole owner the property, and that, for this reason, Castino Sr. relinquished his interest in ASMAC. The plaintiffs deny this allegation.

The plaintiffs brought this action against ASMAC, Sabet, and Moss & Kalish, inter alia, for a judgment declaring that they had an ownership interest in ASMAC, based on Castino Sr.'s ownership interest in ASMAC. The appellants are represented in this case by Moss & Kalish. The action, insofar as asserted against Moss & Kalish, was discontinued by stipulation.

The case was brought to trial and, in the middle of the trial, the plaintiffs orally moved, inter alia, to disqualify Moss & Kalish on the grounds that attorneys from Moss & Kalish would be called to testify and that Moss & Kalish had a conflict of interest, since it had previously represented the Castinos in the same matter. The trial court granted that branch of the plaintiffs' oral motion. We affirm.

The court providently exercised its discretion in disqualifying the appellants' counsel. Code of Professional Responsibility DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1]) provides that a lawyer may not represent "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." Pursuant to this provision, the party seeking disqualification of opposing

counsel must establish: "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]; *see Calandriello v Calandriello*, 32 AD3d 450, 451 [2006]; *Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d 383 [2005]). Here, the plaintiffs established that Castino Jr. had a prior attorney-client relationship with Moss & Kalish, that the matters involved in both representations were substantially related in that they concerned the ownership of the same piece of property at issue in the action, and that the interests of Castino Jr. and the appellants are materially adverse.

While courts disfavor motions to disqualify counsel that are made during or on the eve of trial (*e.g. Marcus v Marcus*, 17 AD3d 219 [2005]; *Dominguez v Community Health Plan of Suffolk*, 284 AD2d 294, 295 [2001]; *Natiello v Natiello*, 209 AD2d 389 [1994]), in this case, the plaintiffs timely raised the issue during a preliminary conference and were directed by the court to refrain from making a disqualification motion until the court deemed it necessary and appropriate. The court deemed it appropriate when it became apparent that a Moss & Kalish attorney would be called as a witness to testify, highlighting the actual conflict of interest. Under the peculiar circumstances of this case, we do not fault the plaintiffs for the timing of the motion to disqualify, as the delay was a result of an adherence to the directives of the court.

In light of our determination, the appellants' remaining contentions have been rendered academic. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur. [*See* 2007 NY Slip Op 34313(U).]