WELLS FARGO BANK, N.A., as Trustee, Respondent, v CHASE CARO, Appellant, et al., Defendants. [920 NYS2d 90]—

In this action to foreclose a mortgage, the defendant Chase Caro (hereinafter the defendant) moved to disqualify the plaintiff's substituted law firm, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP (hereinafter the firm) on the ground that he previously disclosed information pertaining to this action to attorney Brandon R. Sall, his long-term acquaintance, in an effort to solicit legal advice on the matter. Sall is "of counsel" to the firm. After the firm was substituted as the plaintiff's counsel, the defendant moved, inter alia, to disqualify the firm based on his alleged prior disclosures to Sall, and to strike the amended complaint, asserting that it was tainted by an alleged conflict.

"The 'disqualification of an attorney is a matter which rests within the sound discretion of the court and will not be overturned absent a showing of abuse' " (*Mondello v Mondello*, 118 AD2d 549, 550 [1986], quoting *Schmidt v Magnetic Head Corp.*, 101 AD2d 268, 277 [1984]; *see A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33 AD3d 736 [2006]; *Calandriello v Calandriello*, 32 AD3d 450, 451 [2006]). "A party seeking to disqualify an adversary's lawyer under Code of Professional Responsibility DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1]) must prove (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and [the] former client are materially adverse" (*Calandriello v Calandriello*, 32 AD3d at 451 [internal quotation marks omitted]; *see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]; *M.A.C. Duff, Inc. v ASMAC, LLC*, 61 AD3d 828, 829-830 [2009]; *Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d 383, 383 [2005]; *Matter of Epstein*, 255 AD2d 582, 583 [1998]).

Here, even assuming that the defendant established the existence of a prior attorney-client relationship with Sall, the record establishes that Sall performed no work for the firm in connection with this action, and that he merely sublet office space from the firm for his separate and distinct law firm. The defendant failed to demonstrate that there "was a prior attorney-client relationship between himself and the law firm representing the [plaintiff] which would subject him to the risk 'of being opposed by an attorney who might have had access to his confidences' " (*Calandriello v Calandriello*, 32 AD3d at 452, quoting *Nemet v Nemet*, 112 AD2d 359, 360 [1985]). Accordingly, under the circumstances presented here, the Supreme Court properly denied that branch of the defendant's motion

which was to strike the amended complaint based on the alleged conflict and, upon reargument, adhered to its original determination denying that branch of the defendant's motion which was to disqualify the firm based on Sall's "of counsel" status (see *Calandriello v Calandriello,* 32 AD3d 450 [2006]; *Shelton v Shelton,* 151 AD2d 659 [1989]; *compare Cardinale v Golinello,* 43 NY2d 288 [1977]; *Nemet v Nemet,* 112 AD2d 359 [1985]).

"A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion" (*Marrero v Crystal Nails,* 77 AD3d 798, 799 [2010]; *see Countrywide Home Loans Servicing, LP v Albert,* 78 AD3d 985, 986 [2010]; CPLR 2221 [e]). Here, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew, as the allegedly "new facts" offered would not have changed the prior determination (CPLR 2221 [e] [2]). Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.