(April 17, 2012)

■ ALBERT JACOBS, LLP, Respondent, v DIANA PARKER, Appellant. [942 NYS2d 597]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered July 6, 2011, which granted the plaintiff's motion to disqualify the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., from the continued representation of the defendant.

Ordered that the order is affirmed, with costs.

Sometime in December 2008, the plaintiff sought to associate or merge with another law firm. One of the firms with which the plaintiff considered associating or merging was Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. (hereinafter the Mintz firm), the law firm representing the defendant in this action. In the course of discussions between the plaintiff and the Mintz firm, the plaintiff's principal allegedly disclosed certain information regarding, inter alia, billing rates and the plaintiff's prior representation of the defendant's decedent, Gertrude Neumark Rothschild. After the commencement of the instant action, the plaintiff learned that the Mintz firm was representing the defendant. The plaintiff moved to disqualify the Mintz firm. The Supreme Court granted the plaintiff's motion.

The disqualification of an attorney is a matter that rests within the sound discretion of the court (see Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp., 20 AD3d 383 [2005]; Nationwide Assoc. v Targee St. Internal Medicine Group, 303 AD2d 728 [2003]). Under the particular facts of this case, the Supreme Court providently exercised it discretion in granting the plaintiff's motion to disqualify the Mintz firm (see Galanos v Galanos, 20 AD3d 450, 452 [2005]; Wall St. Assoc. v Brodsky, 227 AD2d 301, 302 [1996]). The discussions between the plaintiff and the Mintz firm, which purportedly included matters at issue in the instant action, create "the danger that confidences" were disclosed, thus warranting the disqualification of the Mintz firm (Wall St. Assoc. v Brodsky, 227 AD2d at 302). Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.