■ In the Matter of Town of Oyster Bay, Respondent, v 55 Motor Avenue Co., LLC, et al., Appellants. (And Another Title.) [970 NYS2d 798]—

In two related condemnation proceedings, 55 Motor Avenue Co., LLC, Cubbies Properties, Inc., Jefry Rosmarin, and J. Jay Tanenbaum appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated August 23, 2012, which denied their motion to disqualify Saul R. Fenchel and Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., from the continued representation of the Town of Oyster Bay.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the motion of 55 Motor Avenue Co., LLC, Cubbies Properties, Inc., Jefry Rosmarin, and J. Jay Tanenbaum to disqualify Saul R. Fenchel and Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., from the continued representation of the Town of Oyster Bay is granted.

"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (*Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d 383, 383 [2005]; *see Albert Jacobs, LLP v Parker*, 94 AD3d 919, 919 [2012]). A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish: "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]; *see Gabel v Gabel*, 101 AD3d 676, 676 [2012]; *Calandriello v Calandriello*, 32 AD3d 450, 451 [2006]; *Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d at 383). "A party's entitlement to be represented in ongoing litigation by counsel of [its] own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (*Matter of Dream Weaver Realty, Inc. [Poritzky—DeName]*, 70 AD3d 941, 943 [2010]; *see Gabel v Gabel*, 101 AD3d at 677).

Here, the appellants established that the attorney for the Town of Oyster Bay is Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. (hereinafter Berkman Henoch). The appellants further established that Saul Fenchel, who became a member of Berkman Henoch in 2010, had a prior attorney-client relationship with the appellants, that the matters involved in Fenchel's representation of the appellants were substantially related to the matters involved in Fenchel's representation of the Town, and that the interests of the appellants and the Town were materially adverse. Further, regardless of whether Fenchel actu-

ally obtained and disseminated confidential information in connection with his former representation of the appellants, they are "entitled to freedom from apprehension and to certainty that [their] interests will not be prejudiced" due to Fenchel's representation of the Town in the related condemnation proceedings (*Cardinale v Golinello*, 43 NY2d 288, 296 [1977]; *see Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d 383, 384 [2005]; *Nationwide Assoc. v Targee St. Internal Medicine Group*, 303 AD2d 728, 729 [2003]). Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the appellants' motion which was to disqualify Fenchel from representing the Town in these proceedings (*see Albert Jacobs, LLP v Parker*, 94 AD3d 919 [2012]; *M.A.C. Duff, Inc. v ASMAC, LLC*, 61 AD3d 828, 828-830 [2009]; *Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d 383, 384 [2005]; *Moccia v Weisfogel*, 253 AD2d 800, 801 [1998]).

In addition, the Supreme Court improvidently exercised its discretion in denying that branch of the appellants' motion which sought to disqualify Berkman Henoch from representing the Town in these proceedings. There is a rebuttable presumption that "where an attorney working in a law firm is disqualified from undertaking a subsequent representation opposing a former client, all the attorneys in that firm are likewise precluded from such representation" (*Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 616 [1999]). That presumption may be rebutted by proof that "any information acquired by the disqualified lawyer is unlikely to be significant or material in the [subject] litigation" (*Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d at 617). Proof must also be presented that the law firm properly screened the disqualified lawyer from dissemination and receipt of information subject to the attorney-client privilege (*id.*). Here, the Town failed to present any evidence that Fenchel did not acquire information that was significant or material in the subject litigation or that Berkman Henoch took steps to screen Fenchel to protect the dissemination of any such information by him to the other attorneys at the firm. Consequently, Berkman Henoch must also be disqualified from representing the Town in these proceedings (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d at 618-619; *Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 85 AD3d 915, 916 [2011]). Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.