15-1986-cv(L)
Cole-Hoover v. Reddy et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation 'summary order'). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

GWENDOLYN COLE-HOOVER, M.D.,
         Plaintiff–Appellant–
         Cross-Appellee,

         -v.-                          15-1986-cv(L),
                                       15-2173-cv(XAP)
PRATHIMA REDDY,
         Appellee-Cross-Appellant,

ANNA MARIE RICHMOND, BRIAN P. FITGERALD, KRISTA GOTTLIEB,
         Appellees,

         -v.-

1

**ANGINELL A. ANDREWS, JOHN HOWARD, M.D.,
ROBERT P. KIRKPATRICK, ROBERT SPENCE,
MARC STERN, M.D., NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES,
ALBION CORRECTIONAL FACILITY, SUE
WOJCINSKI, SANDRA DURFEE, ANGIE MAUME,
DONNA BAKER,**
          <u>**Defendants.**</u>

- - - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**

                            ANTHONY A. BOYADJIS, Morristown,
                            NJ.

**FOR APPELLEE-CROSS-APPELLANT:**

                            ALAN J. BOZER, Amanda L. Lowe;
                            Phillips Lytle LLP, Buffalo, NY.

**FOR APPELLES:**
                            ANNA M RICHMOND, Brian P.
                            Fitgerald, Buffalo, NY.


     Appeal from the final orders of the United States District Court for the Western District of New York (McCarthy, <u>M.J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the orders of the district court be **AFFIRMED**.

     Plaintiff-Appellant Dr. Gwendolyn Cole-Hoover appeals from the final orders of the district court (McCarthy, <u>M.J.</u>) substantially granting motions for attorneys' fees subsequent to entry of judgment.  Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to conduct all proceedings before a magistrate judge.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Cole-Hoover brought this employment discrimination action in 2002. The litigation has been very contentious and has lasted more than a decade, during which time Cole-Hoover has gone through many lawyers. The lawyer who helped her bring the case withdrew after about three years. He was replaced by Appellees Brian Fitzgerald and Anna Marie Richmond in the fall of 2005, and they moved to withdraw in January 2008. The lawyer who replaced them lasted about four years, almost until the eve of trial, when Cole-Hoover fired him. Cole-Hoover replaced him with Appellee Prathima Reddy, who had only a few weeks to catch up with ten years of litigation to prepare for a potentially lengthy trial, and to attempt to negotiate a settlement. Shortly before jury selection, the case settled for $750,000.

A short time later, three more lawyers entered appearances for Cole-Hoover--not in the underlying case, but in fee disputes (she is now represented on appeal by yet another). In a series of well-reasoned opinions, the district court granted (in modified amounts) fee awards to Fitzgerald, Richmond, and Reddy. Cole-Hoover's appeal challenges the fee awards, as well as (in a two-sentence section of her brief, see Appellant Br. 23–24) the order that she pay her share of mediation fees to Krista Gottlieb.[1] Reddy cross-appeals, challenging the district court's 10% reduction of her request for an award in quantum meruit.

"We review a district court's award of attorneys' fees for abuse of discretion." Carco Grp., Inc. v. Maconachy, 718 F.3d 72, 79 (2d Cir. 2013) (per curiam). A district court abuses its discretion when it rests its decision on an error of law, or on a clearly erroneous factual finding, or when its decision cannot be located within the range of permissible decisions. Id. "Abuse of discretion--already one of the most deferential standards of review--takes on special significance when [we] review[] fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record." McDaniel v. Cty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010) (brackets and quotation marks removed).

---

[1] Gottlieb has not filed a brief.

**1.** Cole-Hoover does not dispute that Fitzgerald and Richmond are entitled to payment for hours worked, pursuant to a provision in their retainer agreement for payment after justifiable withdrawal; nor does she dispute their hourly rate. Her only challenge is to vagueness, overbilling, and double-billing in the time records. The district court found that her challenge justified a 10% reduction in the fee awards. We find no error in that assessment, which is within the range of permissible decisions.[2]

**2.** Reddy's retainer agreement required a nonrefundable retainer, which is impermissible under Rule 1.5(d)(4) of the New York Rules of Professional Conduct. See 22 N.Y.R.C.C. § 1200.0. As the district court found, the agreement is unenforceable. Cole-Hoover argues that Reddy should get nothing, relying on a Second Circuit decision from a different context for the principle that "an attorney who engages in misconduct" is not entitled to a fee. Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 225 (2d Cir. 2009) (quoting Shelton v. Shelton, 542 N.Y.S.2d 719, 720 (2d Dep't 1989)). The district court recognized that the weight of authority is to the contrary. Although a "nonrefundable retainer agreement [is] unenforceable and may subject an attorney to professional discipline, quantum meruit payment for services actually rendered will still be available and appropriate." In re Cooperman, 83 N.Y.2d 465, 475 (1994). Accordingly, the district court ruled that Reddy is entitled to recover in quantum meruit for the reasonable value of services provided. As with Fitzgerald and Richmond, the district court found some of Reddy's time entries excessive or insufficiently documented and applied a 10% reduction to the award. We find no error in that assessment, which is within the range of permissible decisions. We reject both Cole-Hoover's argument that the district court erred by granting the award and Reddy's argument that it erred by applying the 10% reduction.

---

[2] Cole-Hoover's suggestion that the district court sua sponte increased the size of Richmond's requested award before applying this reduction is meritless. The alleged "increase" was the correction of an arithmetical error.

As to the mediation fees, such payment is required by the district court's Alternative Dispute Resolution Plan.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the orders of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK