OPINION OF THE COURT
Rolf M. Thorsen, J.
Defendant moves for an order disqualifying the law firm of Miller, Zeiderman, Wiederkehr & Schwarz, LLP, from representing the plaintiff in this postjudgment divorce action.[1]
The following facts are relevant to the within motion: In March 2011, defendant entered into a retainer agreement with the firm of Johnson & Cohen, LLP (hereinafter J & C) for legal services pertaining to “the prosecution or defense of a matrimonial action.” (See defendant’s exhibit A.) At the time that the attorney/firm-client relationship commenced, Lisa Zeiderman, Esq. was a senior associate at J & C. Ms. Zeiderman had been working at J & C since 2006. When the retainer agreement was executed, which was entered into with the J & C firm but listed all of the attorneys who could potentially provide legal services to defendant, there were six attorney members of J & C (the two partners, three senior associates, including Ms. Zeiderman, and one associate attorney). (See defendant’s exhibit A.) In 2012, while Ms. Zeiderman was still a member of J & C, a nonjury trial of the within matter was held, wherein many of the issues were hotly contested, including custody. The following year, in 2013, Ms. Zeiderman left J & C to form the law firm currently known as Miller, Zeiderman, Wiederkehr & Schwarz, LLP, the law firm sought to be disqualified herein. Based on Ms. Zeiderman’s prior employment with J & C, defendant moves to have Ms. Zeiderman’s firm disqualified from representing the plaintiff in this postjudgment modification proceeding remitted to this court by the Appellate Division.
To begin, rule 1.10 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0) states as follows:
“When a lawyer becomes associated with a firm, the firm may not knowingly represent a client in a matter that is the same as or substantially related *888 to a matter in which the newly associated lawyer, or a firm with which that lawyer was associated, formerly represented a client whose interests are materially adverse to the prospective or current client unless the newly associated lawyer did not acquire any [confidential] information protected by Rule 1.6 or Rule 1.9 (c) that is material to the current matter.”
In other words, the well-established rule pertaining to the duty owed by attorneys to their former clients is “that a lawyer may not represent a client in a matter and thereafter represent another client with interests materially adverse to interests of the former client in the same or a substantially related matter.” (Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d 611, 615-616 [1999], citing Cardinale v Golinello, 43 NY2d 288, 295-296 [1977].) Stated yet another way, “where an attorney working in a law firm is disqualified from undertaking a subsequent representation opposing a former client, all the attorneys in that firm are likewise precluded from such representation.” (Kassis at 616.) This rule of “imputed disqualification” therefore requires this court to first determine whether Ms. Zeiderman would be disqualified from representing plaintiff and if so, whether her disqualification precludes Ms. Zeiderman’s firm from representing plaintiff.
In determining the within motion for disqualification, the court is stuck between a rock and a hard place. On the one hand, the court must recognize that a party in ongoing litigation is entitled to be represented by counsel of its own choosing, which is, of course, a valued right. (See Dominguez v Community Health Plan of Suffolk, 284 AD2d 294, 294-295 [2d Dept 2001].) On the other hand, where a conflict of interest has been asserted due to former representation of a client, the court must balance the right to choose one’s counsel against the vital interest in avoiding the appearance of impropriety. Where the balance tips ever so slightly in favor of avoiding the appearance of impropriety, the court should err on the side of caution and grant disqualification. Such a determination rests within the sound discretion of the court. (See Calandriello v Calandriello, 32 AD3d 450, 451 [2d Dept 2006].)
Turning first, then, to the issue of whether Ms. Zeiderman would be disqualified from representing plaintiff, defendant “must prove ‘(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substan *889 tially related, and (3) that the interests of the present client and [the] former client are materially adverse.’” (Id., quoting Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp., 20 AD3d 383, 383 [2005].) There can be no dispute that the latter two elements are satisfied. With respect to the existence of a prior attorney-client relationship, however, plaintiff argues that no such relationship existed between Ms. Zeiderman and defendant. Plaintiff contends that Ms. Zeiderman had no role in the prior representation. Defendant, however, contends that due to the small-firm atmosphere of J & C, Ms. Zeiderman was privy to and participated in numerous conversations and meetings regarding the divorce action such that she became aware of and has knowledge of confidential information of the defendant. Due to Ms. Zeiderman’s having acquired confidential information, defendant asserts that Ms. Zeiderman’s firm must also be disqualified.
In order to prove that Ms. Zeiderman should be disqualified from representing plaintiff, defendant must make “any showing of a risk that the attorney changing firms acquired any client confidences in the prior employment.” (Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d 611, 617 [1999] [emphasis added].)[2] For example, there will be a greater likelihood of acquiring material client confidences “[w]here ... a disqualified attorney formerly worked in a small law firm characterized by a certain informality and conducive to ‘constant cross-pollination’ and a ‘cross current of discussion and ideas’ among all attorneys on all matters which the firm handled.” (Id. at 617-618, quoting Cardinale v Golinello, 43 NY2d at 292.) In addition, in a small-firm setting, where client files are easily accessible to all lawyers, there will be an increased likelihood that the attorney gained significant confidential information. (Id.)
Applied here, the court finds that defendant has sufficiently established a risk, or increased likelihood, that Ms. Zeiderman acquired client confidences while employed at J & C. Although Ms. Zeiderman, in her affidavit, has no recollection at the present time of attending any meetings regarding defendant’s case, there are several factors that tip in favor of her disquali *890 fication. First and foremost, the issues being litigated are exactly the same as those that were litigated when Ms. Zeider-man was employed by J & C. Second, despite Ms. Zeiderman’s inability to recall specific meetings and/or conversations pertaining to one particular client of J & C that occurred five years ago, the court is more concerned with avoiding the appearance of impropriety than it is with Ms. Zeiderman’s ability to recall specific events. In addition, not only will Ms. Zeider-man’s disqualification “protect [ ] client confidences from misuse in substantially related and adverse litigation,” it also frees defendant from any anxiety that confidences that Ms. Zeiderman may have acquired will subsequently be used against her in similar litigation. (See Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d at 616.) Thus, for the foregoing reasons, the court finds that Ms. Zeiderman should be disqualified from representing plaintiff.
Under the doctrine of “imputed disqualification,” the court further finds that Ms. Zeiderman’s firm should also be disqualified from representing plaintiff for the same reasons. Moreover, the court notes that while defendant has been represented by J & C consistently since 2011, including their representation of defendant on appeal, the same does not hold true of Ms. Zeiderman’s firm’s representation of plaintiff. Rather, plaintiff was represented by numerous law firms during the course of this litigation and must have only recently retained the services of Ms. Zeiderman’s law firm upon remittance of the case to this court by the Appellate Division.
Lastly, with respect to defendant’s request for an award of attorney’s fees, this court finds that such an award is not appropriate under the circumstances. Despite the court’s ruling in defendant’s favor, the court does not find the issue of disqualification to be so clear-cut so as to warrant an award of attorney’s fees.
Based on the foregoing, it is hereby ordered that defendant’s motion to disqualify the firm of Miller, Zeiderman, Wiederkehr & Schwarz, LLP is granted; and it is further ordered that the matter is hereby stayed for a period of 30 days to permit plaintiff the opportunity to retain new counsel; and it is further ordered that defendant’s motion for an award of attorney’s fees is denied; and it is further ordered that all other relief not herein decided is denied.

. By decision dated April 19, 2017, the Appellate Division, Second Department remitted the case to the Supreme Court, Rockland County for a hearing on that branch of plaintiff’s motion to modify the custody provisions in the judgment of divorce. (See Gentile v Gentile, 149 AD3d 916 [2d Dept 2017].) Due to Judge Alfieri’s retirement in December 2016, the matter was reassigned to this court.

. Because there are very few guidelines to assist the court in determining whether Ms. Zeiderman should be disqualified, the court is applying the same factors that are used to determine whether Ms. Zeiderman’s firm should be disqualified in determining whether Ms. Zeiderman should be disqualified.