Matter of Blackman (2018 NY Slip Op 06528)





Matter of Blackman


2018 NY Slip Op 06528


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-12975

[*1]In the Matter of Richard Blackman, deceased.
Boca Raton Regional Hospital, Inc., respondent; Tim Williams, etc., appellant. (File No. 371737/12)


Fox Rothschild LLP, New York, NY (Beth G. Oliva and Ernest E. Badway of counsel), for appellant.
Carter Ledyard & Milburn LLP, New York, NY (Michael I. Frankel, Gary D. Sesser, and Judith M. Wallace of counsel), for respondent.



DECISION & ORDER
In a proceeding for the construction of a trust document, Tim Williams appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated October 2, 2017. The order granted the petitioner's motion to disqualify counsel for Tim Williams.
ORDERED that the order is affirmed, with costs.
The petitioner, Boca Raton Regional Hospital, Inc. (hereinafter the hospital), commenced this proceeding for the construction of the Richard Blackman Revocable Trust (hereinafter the trust) in connection with the terms of a charitable gift made to the hospital and valued at approximately $75 million (hereinafter the gift). Tim Williams, an oncologist who practiced at the hospital and provided cancer treatment to Richard Blackman, hired the law firm Fox Rothschild, LLP (hereinafter Fox Rothschild), to represent him in this proceeding. The parties are also involved in parallel litigation regarding the gift in Palm Beach County, Florida, in which Williams is the plaintiff (hereinafter the Florida action). Fox Rothschild also represents Williams in the Florida action.
At the time this proceeding and the Florida action were commenced, the hospital's Board of Trustees included Jerold E. Glassman of Fox Rothschild. The complaint in the Florida action alleges, inter alia, that the hospital and its executives are harassing Williams and trying to terminate his relationship with the hospital in order to take control of the gift in violation of the terms of the trust. In light of the continuing fiduciary relationship between Glassman and the hospital, the hospital moved, both in the Florida action and in this proceeding, to disqualify Fox Rothschild from representing Williams. Insofar as relevant to this appeal, the Surrogate's Court granted the hospital's motion without an evidentiary hearing. Williams appeals.
The disqualification of an attorney is a matter that rests within the sound discretion of the court (see Mineola Auto., Inc. v Millbrook Props., Ltd, 118 AD3d 680). "A party's entitlement to be represented in ongoing litigation by counsel of its own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the [*2]movant bears the burden on the motion" (Horn v Municipal Info. Servs., 282 AD2d 712, 712 [citations omitted]).
Here, while Glassman's status as member of the hospital's Board of Trustees did not constitute a traditional attorney-client relationship, there existed "sufficient aspects of such relationship"—notably the fiduciary duty owed by Glassman to the hospital—to trigger inquiry into the potential conflict arising from Fox Rothschild's simultaneous representation of Williams in litigation against the hospital (Wall St. Assocs. v Brodsky, 227 AD2d 301, 302; see Filippi v Elmont Union Free School Dist., 722 F Supp 2d 295, 304 [ED NY]; Berry v Saline Mem. Hosp., 907 SW2d 736, 739 [Sup Ct Arkansas]). Moreover, the hospital established that Glassman, as a member of the hospital's Board of Trustees, had access to confidential information regarding the gift and the ongoing dispute with Williams, both before and after this proceeding was commenced (see Filippi v Elmont Union Free School Dist., 722 F Supp 2d at 306-307).
Williams's remaining contentions are without merit.
Under the circumstances presented, the hospital met its burden of establishing grounds for disqualification under rule 1.7 of the Rules of Professional Conduct (22 NYCRR § 1200.0), and the Surrogate's Court providently exercised its discretion in granting the hospital's motion (see Filippi v Elmont Union Free School Dist., 722 F Supp 2d 295).
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court