■ In the Matter of NOMURA SECURITIES INTERNATIONAL, INC., et al., Appellants. STEPHEN C. FREIDHEIM, Respondent. [634 NYS2d 95] — Order, Supreme Court, New York County (Martin Schoenfeld, J.) entered May 5, 1995, which denied petitioners' application to disqualify respondent's counsel in the parties' arbitration proceeding, unanimously affirmed, without costs.

The IAS Court properly denied petitioners' motion to disqualify counsel, as their claims that a conflict of interest exists do not bear careful scrutiny (*see, Matter of Abrams [John Anonymous]*, 62 NY2d 183, 196). Petitioners' assertion that counsel will be forced to cross-examine two other individuals whom it also represents, appears remote, at best. Similarly, petitioners' claim that another employee, also represented by opposing counsel, was privy to confidential information relating to petitioners' litigation strategy against respondent in his arbitration claim, is not supported by any competent evidence and, in fact, denied by the employee. Furthermore, petitioners brought this application to disqualify only six days before the arbitration proceeding was to commence, although they knew of the counsel's multiple representations at least three months prior to that date, and thus, disqualification could "stall and derail the proceedings, redounding to the strategic advantage of one party over another" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.