■ In the Matter of NOMURA SECURITIES INTERNATIONAL, INC., Respondent-Appellant, v DAVID HU et al., Appellants-Respondents. [658 NYS2d 608] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered February 22, 1996, which granted petitioner's motion to disqualify respondents' counsel and granted respondents' cross motion to disqualify petitioner's counsel in the parties' arbitration proceeding, unanimously reversed, on the law and the facts, without costs, and the motion and cross motion denied.

In June 1994, respondents brought an arbitration proceeding against petitioner, their former employer, claiming Nomura had breached their compensation agreements by failing to pay certain bonuses. They retained the services of an attorney, Jeffrey Liddle, Esq., who also represented their supervisor, Lawrence Pomerantz, in his 1993 contract negotiations with Nomura as well as in a similar arbitration proceeding against it. Pomerantz's arbitration proceeding was settled in December 1994, at which point Liddle's representation of Pomerantz terminated.

In July 1995, Nomura moved to disqualify Liddle in respondents' arbitration proceeding based on his prior representation of Pomerantz; according to Nomura, Pomerantz will be a witness at the arbitration hearing, and Liddle will violate his

"continuing obligation of loyalty" to his former client by cross-examining him and using confidential information obtained during their attorney-client relationship. Respondents thereafter moved to disqualify Nomura's counsel on the ground that, for a period of time, he had simultaneously represented Nomura and Chaiyarn Ieamsuri, a former employee, from whom the attorney must have obtained confidential information, and that, during the period of simultaneous representation, Nomura and Ieamsuri had adverse interests.

A party seeking to disqualify an attorney on the ground that there is a conflict between the current representation and that of a former client must establish not only the existence of the prior attorney-client relationship but also that "the former and current representations are both adverse and substantially related" (*Solow v Grace & Co.*, 83 NY2d 303, 308). The IAS Court erred in granting the disqualification motions in the instant case, because neither party sustained its burden in meeting this test.

While the prior attorney-client relationship here is undisputed, the two representations are neither adverse nor substantially related. Indeed, as in a previous case where this petitioner sought to have the same attorney disqualified in a similar proceeding, the claimed conflict of interest simply does not withstand careful scrutiny (*see, Matter of Nomura Sec. Intl. [Freidheim]*, 221 AD2d 279). Whatever the result of respondents' arbitration claim, Pomerantz, who is not even a party to that proceeding, has no interest in its outcome; his bonus is independent of and unrelated to respondents' bonuses. Moreover, Pomerantz was not even employed by Nomura at the time respondents' compensation agreements—allegedly breached by Nomura—were negotiated. To the extent that Liddle brought an arbitration proceeding on Pomerantz's behalf, the issues in the prior and current proceedings are not identical, since the basis of each is an entirely distinct agreement. However, given that Liddle represented Pomerantz, not Nomura, in the prior proceeding, the interests of the former and current clients are hardly adverse and might more accurately be described as harmonious.

Having failed to demonstrate the existence of adverse interests or a substantial relationship between the proceedings, petitioner may prevail "only upon a showing that in the prior action [the attorney] had received specific confidential information substantially related to the present litigation" (*Lightning Park v Wise Lerman & Katz*, 197 AD2d 52, 55, citing *Saftler v Government Empls. Ins. Co.*, 95 AD2d 54, 57). No-

mura has failed to make such a showing, claiming only that Pomerantz discussed "all aspects" of his employment with Liddle, an allegation that falls far short of the standard required. As noted, Nomura's obligations to Pomerantz, pursuant to its agreement with him, are unrelated to Nomura's obligations to respondents under their compensation agreements. Certainly nothing Pomerantz may have disclosed to Liddle could be used *against* Pomerantz, since he is not a party to the present proceeding. It is also relevant for purposes of this motion that, despite petitioner's allegations in this regard, Liddle's affidavit maintains that he expects his cross-examination of Pomerantz to consist of little more than document identification (*see, S & S Hotel Ventures Ltd. Partnership v 777 S .H. Corp.*, 69 NY2d 437, 445-446).

Finally, the timing of this motion is of particular significance in our consideration of petitioner's claim. Although petitioner and Pomerantz knew of Liddle's representation of respondents before the instant arbitration proceeding was even brought, this motion was not made until a year after the proceeding was actually commenced—and only days before a scheduled pre-hearing conference. At the very least, measuring the delay from settlement of Pomerantz's claim in December 1994, seven months elapsed before the motion was brought. Depriving a party of the counsel of its choice, particularly well into the representation or proceeding, necessarily results in delay, "redounding to the strategic advantage of one party over another" (*S & S Hotel Ventures Ltd Partnership v 777 S. H. Corp., supra*, 69 NY2d, at 443); in such circumstances, there is a real concern that the motion is used as a litigation tactic or strategy (*supra; see also, Solow v Grace & Co.*, 83 NY2d 303, 310, *supra*). In this respect, we again note that petitioner's previous attempt to disqualify this attorney in a similar matter was unsuccessful, where the motion was brought on the eve of the proceeding and petitioner had known of the alleged conflict for three months (*Matter of Nomura Sec. Intl. [Freidheim]*, 221 AD2d 279, *supra*).

Similarly, petitioner's counsel should not have been disqualified. Ieamsuri, who is a nominal respondent in the arbitration, has since retained separate counsel, did not join in the motion and has not alleged that specific confidences shared with petitioner's counsel might be at risk of disclosure to his detriment if counsel continues to represent petitioner. Concur—Sullivan, J. P., Milonas, Wallach and Nardelli, JJ.