■ GIOVANNA BONGIASCA, Respondent, v MARIO BONGIASCA, Appellant. [679 NYS2d 132] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about October 30, 1997, which, in an action to enforce maintenance and child support obligations under a 1991 separation agreement incorporated in a judgment of divorce, denied defendant's motion to disqualify plaintiff's attorney, and granted plaintiff's cross motion for disclosure sanctions to the extent of precluding defendant "from offering evidence on plaintiff's claims and his cross-claims", unanimously affirmed, with costs, and the matter is remanded to the Supreme Court for an assessment of attorneys' fees incurred by plaintiff on this appeal.

There is no merit to defendant's argument that his financial ability to comply with the separation agreement being in issue, plaintiff's attorney should be disqualified because of information he acquired concerning defendant's financial holdings in the course of representing the parties, more than ten years earlier, while still married, in their purchases of real estate and cooperative shares. Clearly the two representations are not substantially related, and, in any event, since full financial disclosure is required in an action such as this, it is difficult to discern what financial information defendant can claim to be confidential or secret (see, Messina v Messina, 175 AD2d 866; cf., Matter of Nomura Sec. Intl. v Hu, 240 AD2d 249, 250). Moreover, given the long-term participation of both parties' attorneys in the parties' affairs, and a context in which defendant has failed to comply with four court orders directing his deposition and production of documents, there is ample support for the motion court's finding that defendant made the disqualification motion as a delaying tactic to avoid his last scheduled deposition, and for its exercise of discretion in granting plaintiff the preclusion order. Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.