■ Terrell P. Porter et al., Appellants, v Debra J. Beaulieu, Respondent. [736 NYS2d 153] —Carpinello, J. Appeal from an order of the Supreme Court (Demarest, J.), entered October 2, 2000 in St. Lawrence County, which denied plaintiffs' motion to disqualify defendant's counsel.

At issue is the propriety of Supreme Court's order denying plaintiffs' motion to disqualify Richard Hunter and the law firm of which he is a member from further representation of defendant in this matter. The record reveals that before plaintiffs retained their present attorney to commence this action for defamation, prima facie tort and intentional infliction of emotional distress, they consulted briefly with Hunter to determine his availability to commence such a lawsuit on their behalf. Plaintiffs' allegations against defendant arise out of allegedly false accusations that defendant made against plaintiff Terrell P. Porter in his capacity as a teacher with the Massena Central School District (defendant is also employed by the School District). The meeting between plaintiffs and Hunter lasted less than 10 minutes and was terminated by the latter as soon as he learned that plaintiffs might also be seeking relief against one of his clients, i.e., the School District. As plaintiffs have wholly failed to establish either an attorney client relationship with Hunter or that any confidential information was imparted to him during their brief waiting room encounter, we are unable to conclude that Supreme Court

abused its discretion in denying the motion (*see, Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 636-637).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.