■ LOUIS GALANOS, Respondent, v SUZANNE GALANOS, Appellant. [797 NYS2d 774]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, (1) by permission, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 28, 2005, as held in abeyance that branch of her cross motion which was to disqualify the law firm of

Wolfson, Greller, Egitto & Klein, LLP, as the plaintiff's counsel and directed an evidentiary hearing thereon, and (2) from so much of an order of the same court dated March 3, 2005, as denied her motion for leave to renew and reargue her prior cross motion and denied her oral application to exclude the plaintiff from the evidentiary hearing directed by the order dated January 28, 2005.

Ordered that the order dated January 28, 2005, is reversed insofar as appealed from, on the law, the provision directing an evidentiary hearing is vacated, and that branch of the defendant's cross motion which was to disqualify the law firm of Wolfson, Greller, Egitto & Klein, LLP, as the plaintiff's counsel is granted; and it is further,

Ordered that the appeal from so much of the order dated March 3, 2005, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated March 3, 2005, as denied the defendant's oral application to exclude the plaintiff from the evidentiary hearing is dismissed on the ground that that portion of the order is not appealable as of right (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal, and on the ground that the appeal has been rendered academic in light of our disposition of the appeal from the order dated January 28, 2005; and it is further,

Ordered that the order dated March 3, 2005, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Wolfson, Greller, Egitto & Klein, LLP (hereinafter WGEK), the law firm representing the plaintiff in this action, for a number of years had represented the defendant's father, Robert Jankovics. The representation, inter alia, gave WGEK access to confidential information concerning Mr. Jankovics's assets and business. In this action WGEK, on behalf of the plaintiff, is challenging the transfer of assets from the defendant to Mr. Jankovics. This triggered a presumption that every WGEK attorney is in possession of Mr. Jankovics's confidences on matters that are substantially related to those at bar (*see* Code of Professional Responsibility DR 5-105 [d] [22 NYCRR 1200.24 (d)]; DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]; *Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 615-616 [1999]; *Cardinale v Golinello*, 43 NY2d 288, 295-296 [1977]).

WGEK did not rebut the presumption of disqualification on the record already made in this case (*see Kassis v Teacher's Ins.*

& *Annuity Assn., supra* at 617-618; *cf. Solow v Grace & Co.,* 83 NY2d 303, 313-314 [1994]). WGEK raised no issue that would require an evidentiary hearing (*compare Kassis v Teacher's Ins. & Annuity Assn., supra* at 619, *and Matter of Hof,* 102 AD2d 591 [1984], *with Poli v Gara,* 117 AD2d 786, 788, [1986], *and Elghanayan v Elghanayan,* 107 AD2d 594 [1985]; *cf. Olmoz v Town of Fishkill,* 258 AD2d 447, 448 [1999]).

In any event, the very appearance of a conflict of interest in this case was alone sufficient to warrant disqualification of WGEK as a matter of law without an evidentiary hearing (*see Cardinale v Golinello, supra* at 296; *Matter of Hof, supra* at 595).

In view of the foregoing, it is unnecessary to reach the defendant's remaining contentions. Adams, J.P., Goldstein, Crane and Skelos, JJ., concur.