■ JONATHAN D. BLOOM et al., Respondents, v ST. PAUL TRAVELERS COMPANIES, INC., et al., Appellants. [806 NYS2d 692]—

In an action, inter alia, for a judgment declaring that the uninsured and underinsured motorist coverages provided in certain automobile insurance policies issued by the defendants continue to be in effect, the defendants appeal from an order of

the Supreme Court, Rockland County (Sherwood, J.), entered February 10, 2005, which denied their motion to disqualify the plaintiffs' counsel.

Ordered that the order is affirmed, with costs.

The central issue in this case is whether the defendants adequately complied with the terms of Insurance Law § 3425 (d) (3) at the time when, "[i]n and around 2001," they "undertook to substitute" the so-called "SCOPE" excess personal liability policy with the so-called "PLUS" (personal liability umbrella of security) policy. The plaintiffs contend that the "Summary of Major Coverage Changes" that was issued to policyholders at the time in question was not sufficient since, among other things, it failed to make any reference to the elimination of underinsured motorist coverage. The defendants moved to disqualify the law firm representing the plaintiffs in this action (hereinafter the law firm), on the ground that the members of the law firm had previously represented the defendants. The Supreme Court denied the motion. We affirm.

The defendants failed to meet their burden (*see e.g. Zutler v Drivershield Corp.*, 15 AD3d 397 [2005]; *Unger v Unger*, 15 AD3d 389 [2005]; *Nesenoff v Dinerstein & Lesser, P.C.*, 12 AD3d 427 [2004]) of showing that this action is "substantially related" to any matter in which they were previously represented by members of the law firm (Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]; *see e.g. Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631 [1998]). The defendants' conclusory assertions that one of the law firm's attorneys "worked closely with" certain unidentified employees of one or more of the defendants in connection with a number of cases that were more or less related to the general area of uninsured or underinsured motorist coverage failed to establish "that information material to the evaluation, prosecution, settlement or accomplishment of the former representation[s] given [their] factual and legal issues [might] also [be] material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues" (*Farris v Fireman's Fund Ins. Co.*, 119 Cal App 4th 671, 679, 14 Cal Rptr 3d 618, 622 [2004] [internal quotation marks omitted]; *see Jessen v Hartford Cas. Ins. Co.*, 111 Cal App 4th 698, 713, 3 Cal Rptr 3d 877, 887-888 [2003]).

We note that the attorney in question left his previous firm in April 2001, and that it was not until July 2001 that, according to the complaint, the "SCOPE" policy that was issued to the plaintiff Jonathan Bloom expired, to be replaced by the "PLUS" policy. The attorney in question submitted competent proof that

he could not recall ever having had any contact with "either the SCOPE or the PLUS policies." He also submitted competent proof that he had "never been involved in litigation [relating to] Insurance Law § 3425."

Not only is there no evidence that the legal issue at the heart of the present action is "essentially the same as" any of the various legal issues with respect to which the law firm's attorneys provided legal counsel to the defendants in the past (*Lightning Park v Wise Lerman & Katz,* 197 AD2d 52, 55 [1994], quoting *Dinger v Gulino,* 661 F Supp 438, 444 [ED NY 1987]), but the defendants failed to demonstrate that the present representation is "substantially related" to the prior representation in *any* way (Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]). We therefore need not decide whether the formulation of the "substantial relationship" test in *Lightning Park* (*supra*) represents a correct statement of New York law (*see Sgromo v St. Joseph's Hosp. Health Ctr.,* 245 AD2d 1096, 1097 [1997]; *Government of India v Cook Indus., Inc.,* 569 F2d 737, 740 [2d Cir 1978]; *cf. Wieme v Eastman Kodak Co.,* 2003 WL 23163157 [WD NY 2003], 2003 US Dist LEXIS 23781; *Jessen v Hartford Cas. Ins. Co., supra; Reardon v Marlayne, Inc.* 83 NJ 460, 472, 416 A2d 852, 859 [1980]).

In sum, the Supreme Court providently exercised its discretion (*see e.g. Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.,* 20 AD3d 383 [2005]; *Moccia v Weisfogel,* 253 AD2d 800 [1998]) in denying the defendants' motion to disqualify the plaintiffs' counsel (*see* Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]; *Jamaica Pub. Serv. Co. v AIU Ins. Co., supra*). Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.