■ MEDICAL CAPITAL CORPORATION et al., Respondents, v MRI GLOBAL IMAGING, INC., et al., Appellants. [812 NYS2d 118]—

In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated June 8, 2005, which granted the plaintiffs' motion to disqualify the law firm of Shapiro & Shapiro, LLP, as counsel for the defendants.

Ordered that the order is reversed, on the facts, with costs, and the motion is denied.

Code of Professional Responsibility DR 5-108 (22 NYCRR 1200.27), entitled "Conflict of interest; former client," provides, in pertinent part, that "a lawyer who has represented a client in a matter shall not, without the consent of the former client after full disclosure: (1) Thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client."

"The burden is on the party moving for disqualification under Code of Professional Responsibility DR 5-108 (22 NYCRR 1200.27) to prove '(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse' " (*Gussack v Goldberg,* 248 AD2d 671, 672 [1998], quoting *Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131 [1996]).

The plaintiffs established both that there was a former attorney-client relationship between Shapiro & Shapiro, LLP, the attorneys for the defendants in this action, and a plaintiff in this action, Robert Scott Schepp, M.D., P.C., and that the interests of the present clients and the former client are adverse. However, the plaintiffs, who had the burden of proof on the motion to disqualify the attorneys for the defendants, failed to establish that the matters involved in both representations were substantially related (*see Bloom v St. Paul Travelers Cos., Inc.,* 24 AD3d 584 [2005]). The plaintiffs' conclusory assertions that issues in the former and current representations are "similar, if not identical," and that confidences were imparted to Shapiro & Shapiro, LLP, in the former representation which are relevant to the current representation, were insufficient to justify depriving the defendants of the counsel of their choice in this action (*see Mancheski v Gabelli Group Capital Partners, Inc.,* 22 AD3d 532 [2005]; *Sgromo v St. Joseph's Hosp. Health Ctr.,* 245 AD2d 1096 [1997]; *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor,* 236 AD2d 783 [1997]). Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.