■ REEM CONTRACTING CORP., Plaintiff, v RESNICK MURRAY ST. ASSOCIATES et al., Appellants, and M.D. MECHANICAL CONTRACTORS, INC., Respondent, et al., Defendants. (And Other Actions.) [843 NYS2d 3]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 23, 2006, which granted the motion of M.D. Mechanical Contractors, Inc. to disqualify the law firm of Wasserman Grubin & Rogers from representing defendants Resnick Murray St. Associates, Maxwell Medical Imaging, P.C., and Maxwell Partners LLC, due to a conflict of interest, unanimously reversed, on the law, with costs, and the motion denied.

In October 2000, Maxwell Partners LLC (Maxwell) entered into a contract with Mark Donnelly Contractors (Donnelly), to design and build facilities for a medical imaging office at 75 Park Place in Manhattan (the project). To effectuate the plan, Donnelly subcontracted work out to various building trades, one of which was with M.D. Mechanical Contractors Inc. (MD Mechanical). MD Mechanical's responsibility was to build the heating, ventilation and air-conditioning (HVAC) system for the project.

However, in April 2000, Maxwell terminated its contract with Donnelly. MD Mechanical and the other subcontractors immediately filed liens to secure payment for work completed prior to cancellation of the contract. On September 11, 2001, in the course of the attack on the World Trade Center, the project was substantially destroyed. Resnick Murray St. Associates, Maxwell Medical Imaging, P.C., and Maxwell Partners LLC (the Maxwell defendants) made an unsuccessful attempt to repair the damage from the September 11th attacks and to complete the project.

This action is a consolidation of a number of claims, cross claims, and third-party claims by and between Maxwell, Donnelly, subcontractors and sureties stemming from the non-completion of the project. Wasserman Grubin & Rogers, LLP (WG & R) represents the Maxwell defendants in this action. It formerly represented MD Mechanical in four unrelated lien matters. Three of those involved MD Mechanical's work in furnishing and installing the HVAC system at the Palisades Mall. Three subcontractors filed liens to secure compensation from MD Mechanical for their work and materials, and in early 1998, MD Mechanical hired WG & R to represent it. Two of the liens were vacated. However, MD Mechanical paid the third subcontractor $1,087 to satisfy what a court determined to be a legitimate debt.

WG & R was also retained by MD Mechanical to enforce a public improvement lien it filed against the New York City Transit Authority. This was for mechanical work it did on the Columbus Circle subway station. The parties settled and discontinued that action in the summer of 1998, with a payment to MD Mechanical. That was approximately 2$^{1}$/$_2$ years prior to the commencement of this litigation.

In this matter, MD Mechanical moved for an order, pursuant to CPLR 321 (b) (2) and 22 NYCRR 1200.27, to disqualify WG & R from representing the Maxwell defendants. MD Mechanical claimed that WG & R has a conflict of interest due to its prior representation of them. In support, MD Mechanical stated that when it was represented by WG & R, they were "in weekly contact with the firm and sought and received counsel of [sic] a variety of issues concerning how to make records, billing practices and the proper way to file mechanic's liens." MD Mechanical asserted that by representing the Maxwell defendants in this litigation, WG & R is violating the rule prohibiting an attorney from representing interests adverse to a former client on matters substantially related to that prior representation.

The IAS court granted MD Mechanical's motion. It found that the interests of the Maxwell defendants were materially adverse to those of MD Mechanical, and the matters involved in this litigation are substantially related to the issues raised in WG & R's prior representation of MD Mechanical. It therefore disqualified the law firm from further representation of the Maxwell defendants in this action. We reverse.

The New York Code of Professional Responsibility precludes an attorney from representing any client with interests adverse to a former client on matters substantially related to the prior representation (see DR 5-108 [a] [1] [22 NYCRR 1200.27 (a)

(1)]; *Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 130 [1996]). A party seeking disqualification of an adversary's lawyer must show: (1) the existence of a prior attorney-client relationship between the movant and opposing counsel; (2) that the matters involved in the prior and the present representations are "substantially related"; and (3) that the interests of the present client and former client are materially adverse (*id.* at 131).

Here, it is undisputed that there was a prior attorney-client relationship between WG & R and MD Mechanical. There is similarly no question that the Maxwell defendants' interests in this case are adverse to those of MD Mechanical. However, MD Mechanical has not established that any matter involved in the prior litigation is "substantially related," or, in fact, related in any manner, to those raised in this case (*Medical Capital Corp. v MRI Global Imaging, Inc.*, 27 AD3d 427 [2006]; *Bloom v St. Paul Travelers Cos., Inc.*, 24 AD3d 584, 586 [2005]; *Millar El. Indus. v 421 Port Assoc.*, 228 AD2d 272 [1996]; *Lightning Park v Wise Lerman & Katz*, 197 AD2d 52, 55 [1994]). Its only allegation in this regard is that WG & R gained knowledge about "its document retention policy" and its "methods of serving and perfecting liens" through its prior representation of them, and that these polices are being attacked in this litigation.

However, it is clear from the record that WG & R specializes in construction litigation, and that the issues in the matters it handles are invariably similar. When a contractor or a subcontractor is not paid, WG & R is hired to assert or defend payment of the lien. Issues regarding lien perfection are a necessary correlate of that work. Notably, WG & R's prior representation of MD Mechanical was against different parties and involved different projects. Any knowledge that the firm may have as to MD Mechanical's practice are not secrets which would give the Maxwell defendants an unfair advantage in this litigation.

In view of our determination that MD Mechanical did not meet its burden on the motion to disqualify WG & R in the first instance, we need not reach the appellants' additional arguments. Concur—Mazzarelli, J.P., Marlow, Gonzalez, Catterson and Kavanaugh, JJ.