(October 27, 2008)

■ LAURIE A. CHRISTENSEN, Appellant, v ROBERT THOMAS CHRISTENSEN, Respondent. (Appeal No. 1.) [867 NYS2d 580]—

Appeal from an order of the Supreme Court, Herkimer County

(Michael E. Daley, J.), entered October 5, 2007. The order, insofar as appealed from, denied that part of plaintiff's motion seeking an evidentiary hearing with respect to temporary custody of the parties' children and visitation with them and granted temporary custody of the children to defendant and visitation to plaintiff.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, plaintiff's motion is granted in its entirety and the matter is remitted to Supreme Court, Herkimer County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, a divorce and custody of the parties' children, and defendant counterclaimed for that same relief. In appeal No. 1, plaintiff appeals from an order that, inter alia, denied that part of her motion seeking an evidentiary hearing with respect to temporary custody of the children and visitation with them and, instead, awarded temporary custody of the parties' children to defendant, with visitation to plaintiff. In appeal No. 2, plaintiff appeals from an order that, upon Supreme Court's "own motion and proceedings of October 19, 2007," disqualified plaintiff's attorney from representing plaintiff.

We agree with plaintiff in appeal No. 1 that the court erred in awarding temporary custody to defendant without conducting an evidentiary hearing (*see Femia v Femia*, 23 AD3d 1073 [2005]). " 'An award of custody, whether temporary or permanent, must be based on the best interests of the child[ren]' " (*Matter of Smith v Brown*, 272 AD2d 993, 993 [2000]). Here, despite the conflicting allegations of the parties concerning their respective parenting abilities, the court based its temporary custody determination solely on an in-camera interview with the children and communications with the parties' attorneys during two court appearances. Contrary to the determination of the court, it did not have the discretion to forgo an evidentiary hearing. We therefore reverse the order insofar as appealed from in appeal No. 1, grant plaintiff's motion in its entirety and remit the matter to Supreme Court for a hearing and a new determination with findings of fact before a different justice.

We further agree with plaintiff that the court erred in disqualifying her attorney on its own motion, and we therefore also reverse the order in appeal No. 2. Plaintiff's attorney, a judicial hearing officer for Oneida County Family Court, was not prohibited by either judicial or ethical rules from representing clients before a different court in a different county (*see* 22 NYCRR 122.10 [c]; Advisory Comm on Jud Ethics Ops 89-63

[1989], 07-180 [2007]). If an attorney's representation of a client "does not violate [an] ethical or disciplinary rule, there can be no appearance of impropriety" (*Develop Don't Destroy Brooklyn v Empire State Dev. Corp.*, 31 AD3d 144, 153 [2006], *lv denied* 8 NY3d 802 [2007]). In any event, the mere appearance of impropriety alone would be insufficient to warrant disqualification. Rather, it must be shown that a party will suffer actual prejudice or a substantial risk thereof (*see id.*; *Matter of Stephanie X.*, 6 AD3d 778, 780 [2004]), and there was no such showing in this case. Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.

■ LAURIE A. CHRISTENSEN, Appellant, v ROBERT THOMAS CHRISTENSEN, Respondent. (Appeal No. 2.) [865 NYS2d 586]—Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered November 1, 2007. The order disqualified plaintiff's attorney from representing plaintiff.