■ BANK HAPOALIM B.M. et al., Appellants, v WESTLB AG et al., Respondents. [918 NYS2d 49]—

As a preliminary matter, counsel's conduct in taking on the conflicting representation is governed by the Code of Professional Responsibility, which was in effect at the time of the conduct, rather than by the Rules of Professional Conduct, which were in effect when the motion to disqualify was brought (*see Lee v Cintron*, 25 Misc 3d 1210[A], 2009 NY Slip Op 52023[U], *2 [2009]; *see generally Matter of Hays v Ward*, 179 AD2d 427, 429 [1992], *lv denied* 80 NY2d 754 [1992]).

Code of Professional Responsibility DR 5-108 (22 NYCRR 1200.27) prohibits an attorney from "representing interests adverse to a former client on matters substantially related to the prior representation" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 130 [1996]). Although defendants' initial consultation about taking on the defense of the case did not lead to counsel's retention, defendants' description of the matters, coupled with the circumstances surrounding the meeting, gives rise to a reasonable inference that confidences were revealed, which establishes a fiduciary relationship of loyalty with respect to those communications (*see Rose Ocko Found. v Liebovitz*, 155 AD2d 426, 427 [1989]; *Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94, 99 [2008]). Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.