■ THERESA SULLIVAN, Appellant, v PETER CANGELOSI, Respondent. [923 NYS2d 737]—

Rose, J. Appeal from an order of the Supreme Court (Cahill, J.), entered January 27, 2010 in Ulster County, which granted defendant's motion to disqualify plaintiff's counsel.

After plaintiff commenced this action against defendant alleging, among other things, that defendant had trespassed on her property and assaulted her, defendant moved to disqualify plaintiff's attorney, Edward Carroll. Defendant's motion was based on a telephone call he made to Carroll approximately one month prior to his alleged trespass and assault seeking representation with respect to his ongoing dispute with plaintiff, who was his neighbor. Supreme Court, after a hearing, found that defendant had described his legal problems with plaintiff and at least some of his version of the history of his differences with her to Carroll during the telephone conversation. The court also found that Carroll, after telling defendant that he represented plaintiff, suggested that defendant write him a letter about any complaint he had with plaintiff and not have any contact with her concerning anything that could lead to an altercation. Supreme Court concluded that Carroll improperly gave defendant legal advice, that the subject matter of the telephone conversation was related to the subject matter of the litigation and that any doubt as to whether a conflict of interest existed had to be resolved in favor of disqualification. Plaintiff appeals and we reverse.

Initially, we note that "[t]he right to choose one's own counsel is a valued right," the restriction of which "must be carefully scrutinized" (*Matter of Advent Assoc., LLC v Vogt Family Inv. Partners, L.P.*, 56 AD3d 1023, 1024 [2008]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 440, 443 [1987]). In this case, our analysis is guided by the former Code of Professional Responsibility, which was in effect at the time of the conduct in question (*see Bank Hapoalim B.M. v WestLB AG*, 82 AD3d 433 [2011]), and we note that even in the absence of an attorney-client relationship—as here—an attorney

has a fiduciary obligation to preserve the confidential secrets of prospective clients (*see Seeley v Seeley*, 129 AD2d 625, 626-627 [1987]; Code of Professional Responsibility EC 4-1; *see also* Code of Professional Responsibility DR 4-101 [a]; 5-108 [a] [1] [22 NYCRR 1200.19 (a); 1200.27 (a) (1)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.18 [c]). Since there is no question that the parties' interests are adverse, the case turns on whether Carroll received confidential information during the telephone call that could be embarrassing or detrimental to defendant and, if so, whether the disclosures made during the phone call and the issues now in litigation are substantially related (*see Seeley v Seeley*, 129 AD2d at 627; Code of Professional Responsibility EC 4-1).

Preliminarily, we disagree with Supreme Court's conclusion that Carroll's suggestion to defendant constituted legal advice. Inasmuch as the suggestion was made when defendant was aware that Carroll represented plaintiff and it did not address defendant's rights or remedies, we view it as no more than an attempt to diffuse the dispute between the parties (*compare Falk v Chittenden*, 11 NY3d 73, 78 [2008]; *Parnes v Parnes*, 80 AD3d 948, 950 [2011]).

Turning to the issue of whether a fiduciary obligation arose here, defendant failed to establish that he shared any information with Carroll during the telephone conversation that could be considered confidential (*see Porter v Beaulieu*, 290 AD2d 630, 630-631 [2002]; *Martin v Martin*, 224 AD2d 597, 597 [1996]). Moreover, even though the acrimony between the parties apparently culminated in the incident giving rise to this action, the relationship between that history and the relevant issues in this action has not been shown to be substantial, as it must to warrant disqualification (*see Nicola v Barrett*, 43 AD3d 583, 585 [2007]; *Waehner v Northwest Bay Partners, Ltd.*, 30 AD3d 799, 800 [2006]; *Gaspar v Hollrock Poured Concrete, Inc.*, 7 AD3d 871, 872 [2004]; *Leonardo v Leonardo*, 297 AD2d 416, 418 [2002]).

Mercure, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.