In this action, the defendant moved to disqualify the plaintiffs counsel on the ground that counsel had previously represented the defendant in connection with her formation of a corporation. The Supreme Court granted the motion.
“[A] party seeking disqualification of its adversary’s lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse” (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]; see Falk v Chittenden, 11 NY3d 73, 78 [2008]; Solow v Grace & Co., 83 NY2d 303, 308 [1994]). Due to the “significant competing interests inherent in *677 attorney disqualification cases,” however, the Court of Appeals has advised against “mechanical application of blanket rules,” in favor of a “careful appraisal of the interests involved” (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d at 131, 132). In that respect, “ ‘[a] party’s entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted’ ” (Matter of Dream, Weaver Realty, Inc. [Poritzky — DeName], 70 AD3d 941, 943 [2010], quoting Aryeh v Aryeh, 14 AD3d 634, 634 [2005]; see Goldman v Goldman, 66 AD3d 641 [2009]).
Here, the defendant failed to show that the prior representation was substantially related to the current representation. Specifically, the defendant did not argue, and there are no facts in the record to support a finding, that the prior representation concerned any confidential information regarding the value of the corporation (see Business Corporation Law §§ 402, 403) or that the attorney was provided with any information that is not contained in the corporate filing itself. Further, the defendant refused to provide the plaintiff with discovery concerning the corporation, contending that the corporation was “closed” and that the defendant never realized any profits from it. Under the particular circumstances of this case, there is nothing to suggest an appearance of impropriety concerning the attorney’s representation of the plaintiff in the divorce action and, therefore, the defendant’s motion for disqualification should have been denied (see Matter of Homola, 234 AD2d 295, 295-296 [1996]; see also Bloom v St. Paul Travelers Cos., Inc., 24 AD3d 584, 585 [2005]). Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.