■ Joseph M. Sessa, Appellant, v Geraldine Parrotta, Respondent. [985 NYS2d 128]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Leo, J.), dated February 19, 2013, as granted that branch of the defendant's motion which was to disqualify the plaintiff's counsel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to disqualify the plaintiff's counsel is denied.

In this action, inter alia, for a divorce, the defendant moved to disqualify the plaintiff's counsel, Courten & Villar, PLLC (hereinafter C & V), on the ground that it had previously represented the defendant in the preparation of a last will and testament.

"[A] party seeking disqualification of [an] adversary's lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]).

Here, the defendant failed to meet her burden of establishing the element of a substantial relationship between the representations. The issues in the present litigation and the subject matter of the prior representation are not substantially related,

particularly given that under the parties' prenuptial agreement, the validity of which is not at issue, they waived their rights of equitable distribution (*see McDade v McDade*, 240 AD2d 1010, 1010-1011 [1997]; *cf. Galanos v Galanos*, 20 AD3d 450, 451 [2005]). The defendant's conclusory allegations that, in the prior representation, C & V gained access to confidential material substantially related to the present litigation were insufficient to determine the nature of the confidential information allegedly obtained or that there is a reasonable probability that such information would be disclosed during the present litigation (*see Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 638 [1998]; *Calandriello v Calandriello*, 32 AD3d 450, 452 [2006]; *Medical Capital Corp. v MRI Global Imaging, Inc.*, 27 AD3d 427, 428 [2006]; *Andre v City of New York*, 19 AD3d 340, 341 [2005]; *Wissler v Ashkinazy*, 299 AD2d 352, 352-353 [2002]; *Olmoz v Town of Fishkill*, 258 AD2d 447, 448 [1999]).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to disqualify the plaintiff's counsel. Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.