■ MAGDELEYDIS MEDIACEJA, Respondent, v ADI DAVIDOV et al., Appellants. SHAUB, AHMUTY, CITRIN & SPRATT, LLP, Nonparty Appellant. [989 NYS2d 892]—

In an action to recover damages for medical malpractice, the defendants and the nonparty law firm, Shaub, Ahmuty, Citrin & Spratt, LLP, appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated March 18, 2013, which granted the plaintiff's motion to disqualify the nonparty law firm from representing the defendants in this action.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion to disqualify the nonparty law firm, Shaub, Ahmuty, Citrin & Spratt, LLP, from representing the defendants in this action is denied.

A party's right to be represented "by counsel of its choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (*Zutler v Drivershield Corp.*, 15 AD3d 397, 397 [2005]; *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]; *Dominguez v Community Health Plan of Suffolk*, 284 AD2d 294, 294 [2001]). A party seeking to disqualify an attorney or a law firm for an opposing party on the ground of conflict of interest has the burden of demonstrating (1) the existence of a prior attorney-client relationship between the moving party and op-

posing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]; *Solow v Grace & Co.*, 83 NY2d 303, 308 [1994]; *Sessa v Parrotta*, 116 AD3d 1029, 1029 [2014]; *Gabel v Gabel*, 101 AD3d 676 [2012]; *see also Falk v Gallo*, 73 AD3d 685 [2010]). Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to disqualify the defendants' attorneys because of an alleged conflict of interest, since the plaintiff failed to establish any of the three foregoing elements. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.