■ ILAN COHEN, Appellant, v TAMARA COHEN, Respondent. [2 NYS3d 605]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), dated Septem-

ber 26, 2012, as denied his motion to disqualify the law firm of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Einiger, LLP, from representing the defendant in this action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion is granted.

In this action for a divorce and ancillary relief, the plaintiff moved to disqualify the law firm of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Einiger, LLP (hereinafter the law firm), from representing the defendant. In support of his motion, the plaintiff asserted that, in or about November 2010, he met with Steve Eisman, an attorney from the law firm, for a consultation, as he was considering divorce at that time. The defendant disputes the plaintiff's claim in this regard. According to Eisman, although the plaintiff did schedule an appointment to meet with him, the plaintiff canceled the meeting. It is undisputed, however, that the plaintiff's brother met with Eisman in July 2010. The plaintiff claims, and his brother avers, that, at this meeting, the plaintiff's brother shared with Eisman detailed confidential information concerning various businesses the plaintiff and his brother own and in which they share common interests. Eisman acknowledges that he discussed with the plaintiff's brother the "surface details" concerning, among other things, the plaintiff's brother's employment.

The disqualification of an attorney is generally a matter resting within the sound discretion of the court (*see Albert Jacobs, LLP v Parker*, 94 AD3d 919, 919 [2012]). However, " 'doubts as to the existence of a conflict of interest must be resolved in favor of disqualification so as to avoid even the appearance of impropriety' " (*Mineola Auto., Inc. v Millbrook Props., Ltd.*, 118 AD3d 680, 680-681 [2014], quoting *Seeley v Seeley*, 129 AD2d 625, 627 [1987]). Here, the Supreme Court should have granted the plaintiff's motion to disqualify the law firm from representing the defendant in this action. Under the particular circumstances of this case, given the undisputed evidence of the consultation between Eisman and the plaintiff's brother, as well as the nature of the matters disclosed and the resulting substantial risk of prejudice, the very appearance of a conflict of interest was alone sufficient to warrant disqualification of the law firm as a matter of law without an evidentiary hearing (*see Galanos v Galanos*, 20 AD3d 450, 452 [2005]; *Sirianni v Tomlinson*, 133 AD2d 391, 392 [1987]), notwithstanding the existence of a factual dispute as to whether Eisman met with the plaintiff. Dickerson, J.P., Sgroi, and LaSalle, JJ., concur.

Hinds-Radix, J., dissents and votes to affirm the order insofar

as appealed from, with the following memorandum: "Whether to disqualify an attorney is a matter which lies within the sound discretion of the court" (*Matter of Madris v Oliviera*, 97 AD3d 823, 825 [2012]; *see Midwood Chayim Aruchim Dialysis Assoc., Inc. v Brooklyn Dialysis, LLC*, 82 AD3d 1177 [2011]). In the instant case, it cannot be said that the denial of the plaintiff's motion to disqualify the law firm of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Einiger, LLP (hereinafter the law firm), from representing the defendant was an improvident exercise of discretion.

The plaintiff moved to disqualify the law firm from representing the defendant on the ground that he and his brother each engaged in a preliminary consultation with Steve Eisman, an attorney from the law firm, about whether they should hire the law firm to prosecute divorce actions on their behalf. However, the plaintiff was unable to substantiate his allegation that he consulted with Eisman. Eisman stated in an affirmation that the plaintiff scheduled an appointment for a consultation and then canceled it. Eisman further asserted that the plaintiff "had consulted with various top matrimonial attorneys in the area to prevent [the defendant] from hiring an attorney."

Although it is undisputed that the plaintiff's brother consulted with Eisman, Eisman claims that only "surface details" relating to the brother's marriage, residence, employment, and children were disclosed at that conference. The plaintiff's brother claims that he shared detailed information concerning the day-to-day operations of the businesses which he operated jointly with the plaintiff, illustrated by a diagram, described how the businesses earned a profit, and provided his opinion as to the value of the businesses. However, he never retained the law firm as his counsel.

"Disqualification of counsel conflicts with the general policy favoring a party's right to representation by counsel of choice, and it deprives current clients of an attorney familiar with the particular matter" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]). Thus, a party seeking to disqualify an attorney for an opposing party on the ground of a conflict of interest has the burden of demonstrating three elements: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse (*see id.* at 131; *Mediaceja v Davidov*, 119 AD3d 911 [2014]; *Campbell v McKeon*, 75 AD3d 479 [2010];

Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9). Since the "substantially related" standard is now the norm (*see Sessa v Parrotta*, 116 AD3d 1029 [2014]; *Reem Contr. Corp. v Resnick Murray St. Assoc.*, 43 AD3d 369 [2007]; *Medical Capital Corp. v MRI Global Imaging, Inc.*, 27 AD3d 427 [2006]), the fact that an attorney has learned of some of a former client's financial information and corporate structure in prior litigation is not in and of itself a basis for disqualification (*see* NY St Bar Assn Comm on Prof Ethics Op 628 [1992]; *see also Abselet v Satra Realty, LLC*, 85 AD3d 1406, 1407 [2011]).

In *Solow v Grace & Co.* (83 NY2d 303, 312 [1994]), the Court of Appeals rejected its prior ruling in *Cardinale v Golinello* (43 NY2d 288, 296 [1977]), that "the avoidance of even an appearance of impropriety [is] so important that any harm associated with disqualification was minimal when compared with furthering those goals." This Court has since held that, "[a]bsent actual prejudice or a substantial risk thereof, the appearance of impropriety alone is not sufficient to require disqualification of an attorney" (*Matter of Lovitch v Lovitch*, 64 AD3d 710, 711 [2009]; *see Christensen v Christensen*, 55 AD3d 1453 [2008]; *Develop Don't Destroy Brooklyn v Empire State Dev. Corp.*, 31 AD3d 144, 150 [2006]).

In *Galanos v Galanos* (20 AD3d 450, 452 [2005]), relied upon by my colleagues in the majority, this Court ruled that "the very appearance of a conflict of interest in this case was alone sufficient to warrant disqualification." However, in that case, the plaintiff in a matrimonial action was seeking to set aside transfers of assets from the defendant to her father. The plaintiff's attorney previously represented the defendant's father "for a number of years" (*id.* at 451) and therefore had access to confidential information concerning the father's assets. Thus, there was a significant attorney-client relationship between the plaintiff's attorney and the father, who was a necessary and adverse party to the litigation.

In the instant case, there was no evidence of a prior attorney-client relationship between the law firm and either the plaintiff or his brother. A preliminary consultation between an attorney and an adverse party regarding whether the attorney should be hired to represent the adverse party in a matter which bears a substantial relationship to the present litigation may be the basis for disqualification (*see Mineola Auto., Inc. v Millbrook Props., Ltd.*, 118 AD3d 680 [2014]; *Leisman v Leisman*, 208 AD2d 688 [1994]; *Seeley v Seeley*, 129 AD2d 625 [1987]). However, the plaintiff's assertions in that regard are insufficient to warrant disqualification. There is no evidence that

the information provided by the brother was confidential, or that the brother's interests are materially adverse to those of the defendant (*see Gabel v Gabel*, 101 AD3d 676 [2012]; *Bongiasca v Bongiasca*, 254 AD2d 217 [1998]; *Matter of Nomura Sec. Intl. v Hu*, 240 AD2d 249 [1997]; *Petrossian v Grossman*, 219 AD2d 587 [1995]; *cf. Sullivan v Cangelosi*, 84 AD3d 1486 [2011]; *Sirianni v Tomlinson*, 133 AD2d 391 [1987]).

Accordingly, the plaintiff's motion to disqualify the law firm from representing the defendant was properly denied.