Bank of N.Y. Mellon v Lewis (2021 NY Slip Op 07279)





Bank of N.Y. Mellon v Lewis


2021 NY Slip Op 07279


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-00768
2020-02821
 (Index No. 50543/17)

[*1]Bank of New York Mellon, etc., respondent,
v
Jake Lewis, appellant, et al., defendants.


Jake Lewis, Mount Vernon, NY, appellant pro se.
Hinshaw & Culbertson LLP, New York, NY (Robert D. Bailey of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jake Lewis appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated December 9, 2019, and (2) an order of the same court dated January 16, 2020. The order dated December 9, 2019, insofar as appealed from, denied that defendant's motion to disqualify the law firm of Cohn & Roth LLC from representing the plaintiff in this action and to strike a notice of appearance filed by that firm on September 3, 2019. The order dated January 16, 2020, denied as academic that defendant's motion to stay a foreclosure sale of the subject property and denied his separate motion to vacate the foreclosure sale of the subject property held on November 19, 2019.
ORDERED that the order dated December 9, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated January 16, 2020, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this action to foreclose a mortgage, the defendant Jake Lewis (hereinafter the defendant) moved to disqualify the law firm of Cohn & Roth LLC (hereinafter Cohn & Roth) from representing the plaintiff in this action and to strike a notice of appearance filed by that firm on September 3, 2019. In an order dated December 9, 2019, the Supreme Court, inter alia, denied the defendant's motion.
The defendant also moved to stay a foreclosure sale of the subject property and subsequently moved to vacate the foreclosure sale of the property held on November 19, 2019. In an order dated January 16, 2020, the Supreme Court denied both motions. The defendant appeals from both orders.
The disqualification of an attorney is a matter that rests within the sound discretion of the court (see Halberstam v Halberstam, 122 AD3d 679, 679; Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC, 109 AD3d 549, 550). A party's right to be represented by counsel of his or [*2]her own choosing is a valued right that will not be superseded absent a clear showing that disqualification is warranted (see Mediaceja v Davidov, 119 AD3d 911, 911). Here, the defendant failed to meet his burden of showing that disqualification was warranted (see Tavor v Lane Towers Owners, Inc., 197 AD3d 584). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to disqualify Cohn & Roth as the plaintiff's counsel and to strike that firm's notice of appearance.
The Supreme Court also properly denied the defendant's motion to vacate the foreclosure sale held on November 19, 2019. A court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale (see Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882). Here, nothing in the defendant's motion papers demonstrated fraud, collusion, mistake, or misconduct casting suspicion on the fairness of the foreclosure sale held on November 19, 2019. Moreover, the court properly denied as academic the defendant's motion to stay the foreclosure sale.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court